COMMONWEALTH of Pennsylvania, Appellee

v.

Anthony Michael LAWSON, Appellant.

Superior Court of Pennsylvania.

Argued April 29, 2009.

Filed June 10, 2009.

James P. Gregor, Public Defender, Stroudsburg, for appellant.

Chad A. Martinez, Asst. Dist. Atty., Stroudsburg, for the Com., appellee.

BEFORE: STEVENS, LALLY–GREEN and KLEIN, JJ.

OPINION BY KLEIN, J.:

 ¶ 1 Anthony Michael Lawson appeals his sentence following his conviction for Prohibited Offensive Weapon (POW)[1] after being found in possession of a knife in a sheath that could be locked in a 90–degree position as well as in a straight position.[2] Lawson argues that the Com-

---

1. 18 Pa.C.S.A. § 908.

2. The knife was not an "automatic" knife such as a switchblade, so Lawson was not charged with Possession of an Instrument of

monwealth failed to prove that the knife found in his possession met the definition of a prohibited offensive weapon.[3] The trial judge found that the Commonwealth proved beyond a reasonable doubt that the knife had no common lawful purpose and convicted Lawson to 6 months' to 24 years' imprisonment. We agree and affirm.

¶ 2 On June 20, 2007 police were dispatched to West Main Street in Stroudsburg because of a disturbance involving weapons in front of a convenience store. Officer Leonard F. DeMaria arrived on the scene and noticed an outline of a weapon under Lawson's shirt. Officer DeMaria patted Lawson down and recovered a knife, approximately 11 inches in length, in a metal sheath which was clipped to Lawson's belt.

■ ¶ 3 The possession of a "prohibited offensive weapon" is set forth in 18 Pa. C.S.A. § 908, which defines "Offensive weapons" as follows:

**(c) Definitions**

\* \* \*

"Offensive weapons." Any bomb, grenade, machine gun, sawed-off shotgun with a barrel less than 18 inches, firearm specially made or specially adapted for concealment or silent discharge, any blackjack, sandbag, metal knuckles, dagger, knife, razor or cutting instrument, the blade of which is exposed in an automatic way by switch, pushbutton, spring mechanism, or otherwise, any stun gun, stun baton, taser or other electronic weapon **or other implement for the infliction of serious bodily injury which serves no common lawful purpose.** [Emphasis added.]

■ ¶ 4 "While some conceivable lawful use could be found for almost every object otherwise proscribed by Section 908, the statute does not prohibit only items with no *conceivable* lawful purpose, but, more broadly, items with no *common* lawful purpose." *Commonwealth v. Hitchon*, 379 Pa.Super. 136, 549 A.2d 943, 947 (1988) (emphasis in original); *cf. Commonwealth v. Artis*, 275 Pa.Super. 127, 418 A.2d 644 (1980) (although waved in crowded room, defendant's folding knife with seven-inch blade, which was purchased at sporting goods store to be used for hunting and fishing, was not implement for infliction of serious bodily injury which served no common lawful purpose within meaning of statute proscribing possession of POW.)

¶ 5 At trial, the Commonwealth presented evidence from an expert on knives who spent over three decades selling knives in his sporting goods store. *See* N.T. Trial, 5/27/08, at 9–10. He testified that while some knives locked in a 90 degree angle, these types of knives have either a hook or serrated edge and have a specific sporting purpose. *Id.* at 17–23. On cross-examination the expert conceded that Lawson's knife *could* be used to de-flesh a trout or to whittle wood, but it would be very awkward and unhandy to use such a knife for

Crime (18 Pa.C.S.A. § 907) and instead was charged with POW for having a weapon that "serves no common lawful purpose." 18 Pa. C.S.A. § 908.

**3.** "A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt.... When reviewing the sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence." *Commonwealth v. Widmer*, 560 Pa. 308, 744 A.2d 745, 751 (2000) (citations omitted).

that purpose. *Id.* at 18; *Hitchon, supra.* The expert concluded that he could not determine a purpose for the subject knife. *Id.* at 18.

¶ 6 Moreover, the trial judge had an opportunity to view the knife in question.[4] He used his judgment as well as the testimony of the expert to determine whether it was the kind of knife that could be used in hunting, woodworking or fishing. He determined that its primary function was not for any of those purposes, and we do not find this an abuse of discretion. *Widmer, supra.*

¶ 7 Lawson also argues that self-defense is his common lawful purpose for carrying the knife. Under the definition suggested by Lawson, *any* weapon could be used for self-defense, and the purpose of the statute would be nullified. Moreover, the intent of the actor has been specifically held to be irrelevant with respect to analysis of the elements of section 908(c). *Commonwealth v. Fisher,* 485 Pa. 8, 400 A.2d 1284, 1288 (1979).

¶ 8 Judgment of sentence affirmed.

ATTACHMENT

4.   A photograph that depicts the actual knife is attached to this memorandum.