J-S75017-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| THOMAS LEE CRORY | : | |
| | : | No. 642 WDA 2019 |
| Appellant | | |

Appeal from the Judgment of Sentence Entered March 26, 2019,
In the Court of Common Pleas of Allegheny County,
Criminal Division at No(s):  CP-02-CR-0004091-2018.

BEFORE:   STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:        FILED DECEMBER 26, 2019

Thomas Lee Crory appeals from the judgment of sentence entered against him in absentia on 33 summary charges of animal cruelty, claiming the Commonwealth failed to introduce sufficient evidence that he was guilty of these crimes.  Under the unique procedural history of this case, the trial court and the Commonwealth agree there was insufficient evidence.  We reverse the convictions and vacate the judgment of sentence.

On May 10, 2018, the Commonwealth charged Mr. Crory by criminal information at CC 2018-04091 with eight counts of Cruelty to Animals as a misdemeanor, one count of Criminal Conspiracy, and 33 counts of Cruelty to Animals as a summary offense.  On May 24, 2018, Assistant Public Defender Melissa Leech entered her appearance on Mr. Crory's behalf.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On January 14, 2019, Mr. Crory and his co-defendant, Marcia Dinardo were scheduled to enter pleas in their respective cases. The trial court called both cases for a non-jury trial. The facts of Ms. Dinardo's case were summarized for the record, and Ms. Dinardo entered her plea. However, because Mr. Crory was hospitalized, his case was continued.

On March 26, 2019, Assistant District Attorney Lisa Borelli for the Commonwealth and APD Leech for Mr. Crory appeared at that time before the Honorable Alexander P. Bicket. APD Leech initially requested a third defense postponement for good cause, because Mr. Crory was in the hospital again. N.T., 3/26/19, at 2. When the Commonwealth objected, the trial court denied Mr. Crory's request for postponement. On this same date, the Commonwealth withdrew the misdemeanor offenses. The Commonwealth then elected to prosecute Mr. Crory in his absence and proceed solely on the 33 summary charges for Cruelty to Animals.

Immediately after the trial court called the case and denied the request for a continuance, the trial court found Mr. Crory guilty of the 33 summary charges and sentenced him to 90 days probation and a $300 fine for each count, along with $10,625 in restitution. Mr. Crory appealed, and raises one issue for our review:

> Whether Mr. Crory's 33 convictions for Animal Cruelty must be reversed, and the judgment of sentence must be vacated, where the Commonwealth failed to present any evidence in support of the charges, and the trial court agrees that Mr. Crory is entitled to relief?

Mr. Crory's Brief at 11.

When reviewing a sufficiency claim, our scope of review is limited to the evidence of the record. Commonwealth v. Meadius, 870 A.2d 802, 805 (Pa. 2005). The standard of review for challenges to the sufficiency of the evidence is well-established:

> We must determine whether, viewing all the evidence admitted at trial, together with all reasonable inferences therefrom, in the light most favorable to the Commonwealth, the trier of fact could have found that each element of the offenses charged was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt.

In re R.C.Y., 27 A.3d 227 (Pa. Super. 2011), reargument denied (Sept. 16, 2011) (citation omitted).

Moreover, a "claim challenging the sufficiency of the evidence is a question of law." Commonwealth v. Lawson, 977 A.2d 583, 584 (Pa. Super. 2009). Because it is a question of law, a challenge to the sufficiency of the evidence is subject to plenary review. Commonwealth v. Jones, 904 A.2d 24, 26 (Pa. Super. 2006).

Here, a review of the evidence is simple; all parties and the court admit that absolutely no testimony about Mr. Crory's actions was entered in the case against him. The trial court admitted it was under the belief that the facts entered in the co-defendant's case applied to Mr. Crory as well. In its opinion, the trial court stated:

> At the time, it was this Court's understanding that Appellant's case was called simultaneously with . . . Ms. Dinardo's case, and that the facts that were entered into record also applied to Appellant's case. However, upon further review of the transcript of the proceedings that took place on January 14, 2019, this Court now

> realizes that Appellant's name was not mentioned in the summary of the facts read into the record.  Accordingly, this Court believes that due to a breakdown in court and administrative procedure, the facts as they pertain to Appellant's case were not properly placed on the record.  This breakdown further came to light at a hearing this Court held on July 9, 2019, which was held to clarify the record.

Trial Court Opinion, 9/20/19, at 2. (emphasis added).

Thus, everyone agrees the Commonwealth presented insufficient evidence to convict Mr. Crory.  With this understanding, Mr. Crory originally prepared his appeal for the submission on his brief alone.  However, in its appellee brief, the Commonwealth maintains that the Double Jeopardy Clause[1] does not apply to the proceedings below and that we should remand for a new trial.  Commonwealth Brief at 8.  Mr. Crory did not anticipate the Commonwealth would take this position; thus, his counsel filed a motion seeking oral argument on what manner of appellate relief is due.  The trial court did not discuss this question in its opinion.

Because jeopardy clearly attached below, oral argument in this Court is unnecessary.  Thus, we deny Mr. Crory's motion as moot.  Instead, we grant him full appellate relief by reversing his conviction and vacating the judgment of sentence against him.

_____

[1] That constitutional provision directs, "nor shall any person be subject for the same offence to be twice put in jeopardy of life and limb . . . ."  Fifth Amendment to the Constitution of the United States.

"The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution protects an individual against successive punishments and successive prosecutions for the same criminal offense."  Commonwealth v. Szebin, 785 A.2d 103, 104 (Pa. Super. 2001), appeal denied, 796 A.2d 982 (Pa. 2002).

The key to determining whether jeopardy attaches is whether the defendant faced a trial on the merits:

> The United States Supreme Court has stated that "the constitutional prohibition against double jeopardy was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for the same offense. Accordingly, this Court has determined that at the heart of double jeopardy jurisprudence is the requirement that an individual demonstrate that he or she has been subjected to the risk of a trial on the merits.  In Pennsylvania, jeopardy does not attach and the constitutional prohibition against double jeopardy has no application until a defendant stands before a tribunal where guilt or innocence will be determined.

Commonwealth v. Hunter, 674 A.2d 306, 307 (Pa. Super. 1996), appeal dismissed as improvidently granted, 701 A.2d 1356 (Pa. 1997).

"In a criminal jury trial, jeopardy attaches when the jury is sworn.  In a bench trial, however, jeopardy attaches when the trial court begins to hear the evidence."  Commonwealth v. Micklos, 672 A.2d 796, 799 (Pa. Super. 1996), appeal denied, 686 A.2d 1309 (Pa. 1996) (emphasis added).

Here, the transcripts show that on March 26, 2019, after the request for a continuance was denied, both the Commonwealth and the trial court proceeded with the understanding that the facts entered on the record in the

co-defendant's case were admitted as to both cases. N.T., 7/9/19, at 9. The Commonwealth proceeded with the bench trial, but offered no separate evidence against Mr. Crory into the record. When the trial court immediately began discussing the sentence recommended by the Commonwealth in Mr. Crory's case, the Commonwealth did not object to the procedure or lack of evidence, but allowed the court to convict and sentence Mr. Crory. As a result, Mr. Crory stood, in absentia, before the court, "where his guilt or innocence [was] determined." Hunter, 674 A.2d at 307.

As a review of the transcripts later revealed, however, although the two cases were called at the same time on January 14, 2019, the facts from the co-defendant's case never mentioned Mr. Crory.[2] As such, the facts against the co-defendant were legally insufficient to sustain a prima facie case of any crime by Mr. Crory. There is no question that Mr. Crory was subjected to a trial on the merits on March 26, 2019; the trial court admitted this in its opinion. Under these circumstances, jeopardy attached that day, and the Commonwealth does not get a second chance to make its case against Mr. Crory.

_____

[2] Counsel for Mr. Crory was not present when the facts of the co-defendant's case were entered on the record on January 14, 2019, and had no opportunity to object or contest them. As such, even if they had mentioned Mr. Crory, his counsel argued the court should not have considered them as evidence in his case. N.T., 7/9/19, at 9-12. Given our disposition, we need not address counsel's argument.

Judgment of sentence vacated. Convictions reversed. Motion for oral argument denied as moot. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/26/2019