J-S33030-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TIMOTHY MOMENT | : | |
| | : | |
| Appellant | : | No. 3248 EDA 2019 |

Appeal from the Judgment of Sentence Entered October 15, 2019
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0007510-2016

BEFORE:   DUBOW, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                              **FILED JULY 31, 2020**

Timothy Moment (Appellant) appeals from the judgment of sentence imposed following his conviction of possession of a prohibited offensive weapon.[1] Additionally, Appellant's counsel (Counsel), seeks to withdraw from representation pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).  Upon review, we grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

The trial court provided the following summary:

> After a jury trial[, Appellant] was found guilty of possessing a prohibited offensive weapon. . . . Briefly, the evidence at trial demonstrated that on October 29, 2016[,] police officers responded to a disorderly conduct call in Upper Darby,

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 908(a).

Pennsylvania. When [Appellant], who was the subject of the call, was placed in custody a spring-loaded knife with metal knuckles attached [(the knife)] was removed from his back pocket. [On October 15, 2019[, Appellant] was sentenced [to] time served (24 days) to twelve months of incarceration.]

Trial Court Opinion, 12/11/19, at 1 (footnote omitted).

Appellant appealed. In lieu of filing a Rule 1925(b) statement, Counsel filed a statement of intent to file an *Anders* brief pursuant to Pennsylvania Rule of Appellate Procedure 1925(c)(4); the trial court filed its Rule 1925(a) opinion on December 11, 2019.

On March 5, 2020, Counsel filed an *Anders* brief, in which he argues that Appellant's appeal is frivolous and requests permission from this Court to withdraw as counsel. Appellant did not file a response to Counsel's *Anders* brief or raise any additional claims.

At the outset, we note the particular mandates that counsel seeking to withdraw pursuant to *Anders* must follow. These mandates and the significant protection they provide arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007). We have summarized the requirements as follows:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to

retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf).

**Id.** (citations omitted).

Additionally, there are requirements as to the content of an **Anders** brief:

[T]he **Anders** brief that accompanies court-appointed counsel's petition to withdraw … must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. When faced with a purported **Anders** brief, we may not review the merits of the underlying issues without first deciding whether counsel has properly requested permission to withdraw. **Commonwealth v. Wimbush**, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). If counsel has satisfied the above requirements, it is this Court's duty to review the trial court proceedings to determine whether there are any other non-frivolous issues that the appellant could raise on appeal. **Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

Instantly, we conclude that Counsel has complied with the requirements of ***Anders***. Counsel filed a petition with this Court stating that after reviewing the record, he finds this appeal to be wholly frivolous. Petition to Withdraw as Counsel, 3/5/20, ¶ 3. In conformance with ***Santiago***, Counsel's brief includes summaries of the facts and procedural history of the case, and discusses the issues he believes might arguably support Appellant's appeal. ***See Anders*** Brief at 6-10. Counsel's brief sets forth his conclusion that the appeal is frivolous and includes citation to relevant authority. ***Id.*** Finally, Counsel has attached to his petition to withdraw the letter he sent to Appellant, which enclosed Counsel's petition and ***Anders*** brief. Petition to Withdraw as Counsel, 3/5/20, Ex. A. Counsel's letter advised Appellant of his right to proceed *pro se* or with private counsel, and to raise any additional issues that he deems worthy of this Court's consideration. ***Id.*** We thus proceed to review the merits of Appellant's claims.

Counsel's ***Anders*** brief raises a single issue for review:

> I) WHETHER THE EVIDENCE WAS SUFFICIENT TO CONVICT APPELLANT OF THE CRIME OF POSSESSION OF A PROHIBITED OFFENSIVE WEAPON WHERE THE TRIAL RECORD ESTABLISHES, BY A PREPONDERANCE OF THE EVIDENCE, THE VALID DEFENSE THAT THE WEAPON IN QUESTION WAS POSSESSED BY APPELLANT ONLY BRIEFLY[?]

***Anders*** Brief at 5 (italics omitted).

Appellant challenges the sufficiency of the evidence supporting his conviction for possession of a prohibited offensive weapon. Specifically, Appellant argues "that the evidence was insufficient to convict him of the crime

because, as he testified at trial, he only found the knife the day before and his sole intent was to sell it rather than employ it in an unlawful fashion[.]" *Anders* Brief at 8 (citation to notes of testimony omitted).

We begin with our relevant standard of review:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Leaner*, 202 A.3d 749, 768 (Pa. Super. 2019) (citation omitted). To reiterate, the jury, as the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence. *Commonwealth v. Melvin*, 103 A.3d 1, 39 (Pa. Super. 2014) (citation omitted). In conducting review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder. *Id.* at 39-40.

The relevant portion of the prohibited offensive weapon statute provides:

> **(a) Offense defined.**--A person commits a misdemeanor of the first degree if, except as authorized by law, he . . . possesses any offensive weapon.
>
> **(b) Exceptions.**--
>
> > (1) It is a defense under this section for the defendant to prove by a preponderance of the evidence . . . that he possessed it briefly in consequence of having found it or taken it from an aggressor, or under circumstances similarly negativing any intent or likelihood that the weapon would be used unlawfully.

18 Pa.C.S.A. § 908(a), (b)(1). For purposes of Section 908, an "offensive weapon" is defined as:

> Any bomb, grenade, machine gun, sawed-off shotgun with a barrel less than 18 inches, firearm specially made or specially adapted for concealment or silent discharge, any blackjack, sandbag, metal knuckles, dagger, knife, razor or cutting instrument, the blade of which is exposed in an automatic way by switch, pushbutton, spring mechanism, or otherwise, any stun gun, stun baton, taser or other electronic weapon or other implement for the infliction of serious bodily injury which serves no common lawful purpose.

*Commonwealth v. Lawson*, 977 A.2d 583, 584 (Pa. Super. 2009) (citing 18 Pa.C.S.A. § 908(c)) (emphasis omitted).

Upon review, we conclude the Commonwealth produced sufficient evidence for the jury to convict Appellant of possessing a prohibited offensive

weapon.[2]  Upper Darby Police Officer Nicholas Lanzetta (Officer Lanzetta) testified that on October 9, 2016, he responded to a disturbance call at a campaign office located at 7200 Chestnut Street in Upper Darby.  N.T., 10/2/19, at 13.  When Officer Lanzetta arrived, he witnessed Appellant "at a filing cabinet and he was pulling the filing drawers open and he was just sticking his hand in and grabbing files and papers and just throwing them over his shoulders[.]"  *Id.* at 20, 22-23.  Officer Lanzetta further testified that he put handcuffs on Appellant and placed him under arrest for disorderly conduct.  *Id.* at 20.  Officer Lanzetta then conducted a search incident to arrest and discovered a knife in Appellant's back left pocket, describing it as a pair of brass knuckles that also had an attached spring-loaded knife blade.  *Id.* at 20, 25.

Appellant testified that he was handcuffed and searched by police at the campaign office on October 9, 2016.  N.T., 10/2/19, at 85.  Appellant stated that the police found the knife in his right coat pocket.  *Id.*  Appellant further testified:

> I found the knife by a gravesite in the grass on the way to my girlfriend's house the night before.  I picked it up.  I felt as though I could make some money off of it.  Take it to a pawn shop, you know, get, you know, do something with the []knife, you know, make money.  It was quick, easy money.  But I also felt as though that I was keeping it out of wrong hands because if someone, child or anything, comes pick this knife up, it could hurt, like, you know,

---

[2] In Counsel's *Anders* Brief, it is conceded that "the instrument in question constituted a prohibited offensive weapon, *i.e.*, a spring loaded knife and metal knuckles."  *Anders* Brief at 10 (italics added).

fall into the wrong hands and someone could be seriously hurt.

*Id.* at 87-88. On cross-examination, Appellant again admitted to having the knife on his person when the police arrived at the campaign office. N.T., 10/2/19, at 96.

As stated above, we view the evidence in the light most favorable to the Commonwealth as verdict winner, and give deference to the jury's credibility determinations as the finder of fact. *Leaner*, 202 A.3d at 768; *Melvin*, 103 A.3d at 39. Here, the jury chose to discredit Appellant's testimony that he acquired possession of the knife the night before his arrest solely to make money by selling it. Moreover, this Court has previously held that "mere possession of a prohibited offensive weapon is sufficient to sustain a conviction without any proof of an intent to employ such item criminally." *Commonwealth v. Brown*, 486 A.2d 441, 445 (Pa. Super. 1984) (citation omitted). Appellant admitted that police discovered the knife on his person. N.T., 10/2/19, 85, 96. We therefore conclude the evidence presented at trial was sufficient to support Appellant's conviction and his sole issue lacks merit.

Finally, our independent review reveals no other non-frivolous issues that Appellant could raise on appeal. *See Dempster*, 187 A.3d at 272. Accordingly, we grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/31/20